UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA B. PEREZ, | ) | NO. CV 12-8437 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| CAROLYN W. COLVIN, | ) | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Maria Perez filed this action on October 11, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 8, 9.) On April 16, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## **PROCEDURAL BACKGROUND**

On July 28, 2009, Perez filed an application for supplemental security income alleging an onset date of June 1, 2009. AR 14, 119. The application was denied. AR 14, 80. Perez requested a hearing before an Administrative Law Judge ("ALJ"). On February 9, 2011, the ALJ conducted a hearing at which Perez, her best friend and a vocational expert testified. AR 32-76. On May 23, 2011, the ALJ issued a decision denying benefits. AR 11-23. On July 26, 2012, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Perez has the severe impairments of non-insulin dependent diabetes mellitus, degenerative disc disease of the lumbar spine and obesity. AR 16. She has the residual functional capacity to perform light work. She can push, pull, lift and carry up to twenty pounds occasionally and ten pounds frequently; her sitting is unrestricted; she can stand and walk six hours out of an eight-hour workday with normal breaks; and she is limited to occasional kneeling and crouching. AR 17. Perez is able to perform her past relevant work of hair stylist. AR 21. Alternatively, there are jobs that exist in significant numbers in the national economy that she can perform such as sorter, inspector and packager. AR 22-23.

### C. Treating Physician

Perez contends that the ALJ did not properly consider the opinion of Dr. Austin, her treating physician, and failed to develop the record as to his treating records.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v.*

*Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Dr. Austin completed a Work Capacity Evaluation (Mental) and an Ability To Do Work-Related Activities (Physical) assessment on March 4, 2010.  AR 199-203.  Regarding Perez's mental limitations, Dr. Austin opined that she had "extreme" limitations in her ability to understand and remember very short and simple instructions, maintain attention and concentration for extended periods, perform activities within a schedule, work in coordination with others, ask simple questions or request assistance, and respond appropriately to changes in the work setting.  AR 199-200.  The term "extreme" was defined as severe limitations with "[n]o useful ability to function in this area."  AR 199.  Regarding Perez's physical limitations, Dr. Austin opined that Perez could lift or carry less than 10 pounds; could sit, stand or walk less than two hours in an eight-hour workday; and had to change position every 10 minutes.  AR 201-02.  However, Perez did not need to lie down at unpredictable intervals.  AR 202.  Her abilities to reach, handle, finger, feel or push/pull were not affected.  *Id.*

The ALJ gave Dr. Austin's opinions no weight for two reasons.  AR 21.  The record contained "absolutely no treatment records from Dr. Austin."  *Id.*  His forms consisted of "box-checking" without any treatment records to support his residual functional capacity assessments.  AR 20.

4

An ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). An ALJ may discount a check-the-box report that does not explain the basis of its conclusions. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physician's conclusory check-list report); *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ may reject opinion of treating physician if it is unsupported by treatment notes).

Perez argues that the Commissioner is at fault for failing to obtain Dr. Austin's treatment records. The regulations provide that, "[i]n general, you have to prove to us that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s). If material to the determination whether you are disabled, medical and other evidence must be furnished about the effects of your impairment(s) on your ability to work." 20 C.F.R. § 416.912(a). However, in the section entitled "Our responsibility", the regulations provide:

> (d) Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.
>
> (1) Every reasonable effort means that we will make an initial request for evidence from your medical source and, at any time between 10

5

and 20 calendar days after the initial request, if the evidence has not been received, we will make one followup request to obtain the medical evidence necessary to make a determination.

20 C.F.R. § 416.912(d).

The record does not contain any evidence of Perez giving the Commissioner permission to request the records.[1] When Perez requested a hearing before the ALJ, the response letter expressly advised that "[i]f a physician, expert or other witness is not cooperating with the production of documents important to your client's case, you may ask the ALJ to issue a subpoena that requires a person to submit documents or testify at your hearing." AR 89. The subsequent Notice of Hearing contained a section entitled "Your Right to Request a Subpoena." AR 97. That section, in pertinent part, provides that "[i]f you want me to issue a subpoena, you must write to me as soon as possible. I must receive your request no later than 5 days before your hearing." *Id.* The section proceeds to describe the information to be included in the request. AR 98.

The record does not contain any request from Perez or counsel that the ALJ issue a subpoena. At the hearing, Perez was represented by counsel. AR 35. The ALJ questioned whether counsel considered the record complete. Counsel responded: "We've been trying to get some records from a couple of sources, and they haven't provided them yet." AR 35-36. "We haven't gotten any response back." AR 36. The ALJ asked whether counsel wanted more time, and counsel responded that "30 days should be good." *Id.* The ALJ left the record open for another 30 days. *Id.* Subsequently, on March 30, 2011, Perez's counsel submitted the treatment records of Dr. Singleton. AR 204. There is no

---

[1] Form SSA-827 ("Authorization to Disclose Information to the Social Security Administration") is blank and unsigned. AR 175.

6

evidence that counsel requested additional time or requested the ALJ's assistance in getting records from anyone, including Dr. Austin.

"The ALJ ... has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). This principle does not, however, allow a claimant to shift his own burden of proving disability to the ALJ. *Id.* at 459. The ALJ did not find that the record was insufficient or inadequate. Moreover, the ALJ kept the record open for 30 days to allow Perez and her counsel to submit additional medical evidence. AR 36; *Tonapetyan* 242 F.3d at 1150 (ALJ satisfies duty to develop record by continuing the hearing or keeping the record open to allow supplementation); *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001) ("One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination"). The ALJ did not err.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 8, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge